## HAUSER v. P. J. RITTER CONSERVE CO.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

ACCOUNT STATED ☞1—PROOF—JUDGMENT.

Plaintiff in an action on an account stated, who conceded the defendant's contention that its manager had said at the time of the agreement that there were certain deductions to be made, failed to establish an account stated, and judgment against defendant could not be sustained.

[Ed. Note.—For other cases, see Account Stated, Cent. Dig. §§ 1–8; Dec. Dig. ☞1.]

Appeal from Municipal Court, Borough of Manhattan, Fourth District.

Action by Henry Hauser against the P. J. Ritter Conserve Company. Judgment for plaintiff rendered by the court without a jury, and defendant appeals. Reversed, and judgment rendered for defendant without prejudice to a new action.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Graham & L'Amoreaux, of New York City (Ralph Polk Buell, of New York City, of counsel), for appellant.

Groehl, Weiss & Neuwirth, of New York City (John J. Weiss, of New York City, of counsel), for respondent.

PENDLETON, J. This is an action on an account stated. The question is one of fact, whether the parties agreed on a fixed sum as being due. Plaintiff in his testimony given in rebuttal practically concedes the contention of defendant's witnesses that defendant's sales manager said at the time there were certain deductions to be made, thus negativing his contention of an account stated. If plaintiff had sued on his contract, the question of what, if any, deductions were proper, could have been tried out.

Having elected instead to sue on an account stated, and failed to establish it, the judgment should be reversed, with costs, and judgment rendered for defendant, with costs, without prejudice to a new action. All concur.